James Howard (SBN 288953)
Law Offices of James Howard
288 W. Valley Blvd., #208
Alhambra, CA 91801
Telephone: 626-284-6320

Attorneys for Defendant
    WAIMAN LEUNG D/B/A CALPAC TAX and  FABIO CARPANINI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MENDOZA,<br>　　　　　Plaintiff,<br><br>vs.<br><br>WAIMAN LEUNG D/B/A CALPAC TAX;<br>FABIO CARPANINI; and DOES 1 to 10,<br>　　　　　Defendants. | Case No.: 2:24-cv-09387-HDV-AGR<br><br>**NOTICE OF MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS AND LACK OF JURISDICTION**<br><br>Department:　　5B<br>Assigned to:　　HON. HERNÁN D. VERA<br>Hearing Date:　July 10, 2025 10:00 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on July 10, 2025 at 10:00 A.M., or as soon after that as the matter can be heard, in Dept. 5B of the above-titled Court located at 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, CA 90012 Defendants WAIMAN LEUNG D/B/A CALPAC TAX and FABIO CARPANINI will move the Court to dismiss this case based upon mootness and lack of subject matter jurisdiction.

This Motion is based on the Motion and Points and Authorities attached hereto and upon such oral and documentary evidence as may be presented at the time of hearing of this matter.

This Motion is made following the meeting and conferring of counsel pursuant to L.R. 7-3 which took place on June 6, 2025 (e-mail) and a June 10, 2025 phone conversation.

Date: June 10, 2025　　　　　By: ___/S/ James Howard___
　　　　　　　　　　　　　　James Howard Attorney for Defendants WAIMAN LEUNG
　　　　　　　　　　　　　　D/B/A CALPAC TAX and FABIO CARPANINI

---
1

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

## MEMORANDUM OF POINTS & AUTHORITIES

## IN SUPPORT OF MOTION TO DISMISS DUE TO LACK OF JURISDICTION

Defendants, WAIMAN LEUNG D/B/A CALPAC TAX and FABIO CARPANINI, hereby move this Court to dismiss the Plaintiff's Complaint on the grounds that all federal question jurisdiction claims of this complaint have been rendered moot; thus removing this court's subject matter jurisdiction over the Plaintiff's remaining state-law claims.

This motion is based on the below points and legal authorities.

## I.    INTRODUCTION & BACKGROUND

Plaintiff MARIO MENDOZA filed this action alleging physical barriers inconsistent with the Americans with Disabilities Act (the "ADA") prevented him from visiting Defendant WAIMAN LEUNG D/B/A CALPAC TAX and FABIO CARPANINI's business.

### The Plaintiff's Claim to Federal Jurisdiction Rests Upon a Single Claim

Under the ADA a private plaintiff's sole federal cause of action is to seek injunctive relief (i.e., for removal of alleged ADA barriers). 42 U.S.C. § 12188(a)(2) and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

The ADA strictly limits remedies to injunctive relief "a defendant's voluntary <u>removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim</u>." [emphasis added] *Oliver* at 905.

Under *Oliver* the removal of all alleged ADA barriers at any time thereby moots a plaintiff's ADA-related claims—<u>thus mooting the Plaintiff's sole federal question jurisdiction claim in this case – and thereby mooting this Federal Court's sole subject matter jurisdiction</u>.

After the removal of the claim for an injunction – the Plaintiff's remaining claims for relief are solely monetary claims which arise solely from California state law – which this court may not hear solely via supplemental jurisdiction.

With no federal question causes of claims, the Plaintiff must re-bring his remaining state

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

law claims in the state courts; as this case no longer belongs in the federal courts.

II.    **SUMMARY OF FACTS**

On Oct. 30, 2024, Plaintiff MARIO MENDOZA filed a complaint alleging physical barriers inconsistent with the Americans with Disabilities Act (the "ADA") prevented him from visiting the Defendant's office building located at 1905 W. Valley Blvd., Alhambra, CA 91803.

Plaintiff's complaint seeks injunctive relief for a number of alleged ADA access barriers for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

Piggy-backing on this sole-Federal claim, the Plaintiff also seeks monetary damages various statutes under California state law.

**Removal of All Barriers Has Been Accomplished – And Verified by an Independent Expert**

Defendants WAIMAN LEUNG D/B/A CALPAC TAX and FABIO CARPANINI have diligently removed all alleged ADA barriers; including re-grading the parking lot, signage, and doorways. (See the BUILDING PRINCIPLES, LLC CASp Report attached as Exhibit "A").

The attached CASp report was prepared by Jason James (CASp #479) of Building Principles LLC, a California Certified Access Specialist ("CASp") is a an individual who has been certified as an expert in ADA and handicapped accessibility compliance by the State of California pursuant to Section 4459.5 of the California Government Code.

Mr. James has inspected the Defendants location at 1905 W. Valley Blvd., Alhambra, CA 91803 and has declared in his certified CASp opinion that the property is: "in accordance with 2013 California Building Code" Chapter 11B (Title 24), the Americans with Disabilities Act 1991 guidelines (ADAAG) and the 2010 ADA Standards for Accessible Design as well as any other laws and regulation that apply." (Exh. "A," Pg 19). Through considerable work, expense, and diligence the Defendant has voluntarily granted Plaintiff's sought-after injunction by removing all alleged ADA barriers.

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

The attached CASp Report verifies that the Defendants' location has been inspected and declared fully ADA complaint by a state certified handicapped accessibility inspector. Plaintiff's counsel was informed that all ADA barriers had been removed on Aug. 12, 2016 and stated that he would be making his own inspection promptly after that date.

**Role of a Certified Access Specialist (CASp)**

A Certified Access Specialist (CASp) is a professional who has passed an examination and has been certified by the State of California to have specialized knowledge of the applicability of state and federal construction-related accessibility standards. Their role and certification process is outlined in California Civil Code § 55.53. A CASp inspector is certified to know which standards apply to a property and how to determine ADA compliance.

### III.    POINTS & AUTHORITIES

**i)       REMEDIES FOR THE PLAINTIFF'S FEDERAL QUESTION CLAIMS ARE STRICTLY LIMITED TO INJUNCTIVE RELIEF**

Under the ADA a private plaintiff's sole remedy for ADA violations is to seek injunctive relief (i.e., the removal of the alleged ADA barriers). 42 U.S.C. § 12188(a)(2) and *Oliver v. Ralphs* at 905.

"Private [ADA] plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." *Id*. See also: *Parr v. Kapahulu Invs., Inc.*, 2000 U.S. Dist. LEXIS 7372 and *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035 and *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013).

Plaintiff MARIO MENDOZA's sole federal-question cause of action is his first cause of action seeking injunctive relief compelling the Defendants to remove all alleged ADA barriers existing on the Defendant's property – which they have already done.

The Defendant has voluntarily granted Plaintiff's sought after injunctive relief – verified and inspected for full compliance by CASP inspector Jason James (a Certified Accessibility

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

Inspector by the State of California) has inspected the property and declared it to be fully compliant with the ADA. (See CASp Inspector's Report attached as Exh. "A").

Further, Plaintiff's counsel's has been given this report and amble time to conduct its own inspection regarding the alleged ADA barriers removal and remedy prior to this motion.

The Defendants have already granted the full scope of the Plaintiff's sought federal question claims and remedies.

The Plaintiff's federal question claims are therefore rendered moot.

Plaintiff's remaining claims all arise from state law and may only be heard by federal courts via supplemental jurisdiction.

However, supplemental jurisdiction may only be exercised where a federal court has original or federal question jurisdiction over at least one claim or cause of action.

**ii)      REMOVAL OF ALL ALLEGED BARRIERS MOOTS THE PLAINTIFF'S COMPLAINT AND SO THE COMPLAINT MUST BE DISMISSED**

Under the *Oliver* precedent above, the removal of all ADA barriers moots all of the Plaintiff's federal question jurisdiction claims. As such the federal question claims must be dismissed.

After all federal jurisdiction claims are dismissed this Court must also dismiss all state law based claims being heard via supplemental jurisdiction.

"If plaintiffs already have received everything to which they would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot." *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005).

In ADA cases the defendant's voluntary removal of alleged barriers prior to trial has the effect of mooting a plaintiff's ADA claim. *Oliver v. Ralphs* at 905. The plaintiff's claim is mooted because per the ADA a private plaintiff may only seek injunctive relief (i.e., for removal

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

of the barrier) and by removing all barriers the defendant has acquiesced to the sought injunction —mooting the federal claims. *Id*.

**Without A 'Federal-Question' This Court Lacks Jurisdiction**

With no injunction at controversy, the ADA federal question claim becomes moot as it lacks the "present, live controversy" necessary to state a claim. *U.S. v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir.1984).

"Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot[.]" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

The CASp Inspector and attached report prove that the Defendant's property is fully compliant with not only the ADA; and also complaint with the ADA Standards for Accessible Design and all other laws and regulation that apply. (See Exh. "A"). The Defendant made numerous changes and great expense to make the property fully ADA-complaint.

Plaintiff and his counsel have been given notice and opportunity to inspect the Defendants' property to verify that his request for injunctive relief has been fulfilled.

Plaintiff has raised no claim if non-compliance has been raise by Plaintiff's counsel as of this date.

**All Remedies Sought Under the ADA Have Been Received**

Per the ADA and the precedent set by *Oliver* the Plaintiff's ADA claims have been mooted and the case should now be dismissed.

Plaintiff cannot claim federal question jurisdiction based the possibility future ADA violations. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); see also *Brown v. Fauver,* 819 F.2d 395, 400 (3d Cir.1987). The U.S. Supreme Court ruled that there could be no federal Article III standing when the plaintiff could not show the alleged unlawful

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

conduct would occur again in the future. *O'Shea v. Littleton* at 497-498. Since all barriers have been removed from the Defendant's property there is no chance that injury will re-occur.

**iii)      AFTER ALL FEDERAL QUESTION JURISDICTION CLAIMS ARE DISMISSED THIS COURT MUST DISMISS ALL CLAIMS BEING HEARD UNDER SUPPLEMENTAL JURISDICTION**

The mooting of all ADA based federal question claims leaves only supplemental state-law claims remaining before this Court.

But, after all federal claims are mooted or dismissed – this court can no longer claim supplemental jurisdiction over the remaining state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Following the U.S. Supreme Court's ruling in *United Mine Workers of America v. Gibbs* the remaining supplemental jurisdiction claims are be dismissed to re-heard in the appropriate state court. *Id*.

After all federal question jurisdiction claims have been resolved the District Court no longer has supplemental jurisdiction over related state law claims and "has a sua sponte obligation to dismiss the action." *Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide*: Fed. Civ. Pro. Before Trial § 6:108.6 (The Rutter Group 2014) regarding 28 U.S. Code § 1367 (c)(3); (See also *Oliver v. Ralphs Grocery Co.* (supra) at 911; *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002) all discussing the dismissal of cases in which only supplemental jurisdiction over state law claims remain).

28 U.S.C. § 1367(c)(3), directs district courts to decline supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has direct or federal question jurisdiction. 28 U.S.C § 1367 (c)(3) 28 U.S. Code § 1367 (c)(3) applies to the present case because all of the Plaintiff's ADA-based, have been mooted as stated in the previous section.

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

Continued supplemental jurisdiction over the state law claims is improper and should be dismissed. It is well settled that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To adjudicate the remaining state claims in this matter would require knowledge of the California Building Code, the California Health & Safety Code, and other state laws and regulations.

A state court is the correct venue for these issues.

**iv)    A MOOT COMPLAINT MUST BE DISMISSED**

"If plaintiffs already have received everything to which they would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that these plaintiffs will again be subjected to the same alleged wrongful conduct by this defendant." *Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698, 771 (D. Or. 1997) citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

The court cannot take jurisdiction over a claim to which "no effective relief can be granted." *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986).

If an ADA plaintiff has already received everything to which he would be entitled, i.e., all of the alleged conditions and access barriers have been remedied – then these particular claims are moot absent any basis for concluding that this plaintiff will again be subjected to the same wrongful conduct by this defendant." *Id*.

An ADA complaint must be dismissed where a defendant's "voluntary removal of alleged barriers prior to trial" moots the federal law portions of the plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.* at 905.

The proper action for such a mooted complaint is to dismiss the entire action as the Plaintiff lacks standing to pursue the case further in federal court.

*///*

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

**v)      SUMMARY JUDGMENT AND/OR DISMISSAL IS APPROPRIATE BECAUSE THE SOUGHT REMEDY HAS ALREADY BEEN GRANTED**

Summary judgment dismissing the Plaintiff's complaint is appropriate when there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1329 (9th Cir. 1983). Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986).

In the present case the CASp Report (Exh. "A") and Plaintiff's counsel's own inspection opportunity establish that the matter at controversy has already been resolved and mooted.

A party opposing such a motion for summary judgment or dismissal is required by Fed. R. Civ. P. 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id*. at 324.

Conclusory allegations unsupported by factual allegations are insufficient to create a triable issue of fact or to preclude summary judgment or dismissal of the complaint. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). An opposing party must present enough evidence that a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**V.      CONCLUSION**

Defendant's counsel has informed Plaintiff that all barriers have been removed and requested that he dismiss this complaint. As of today's date the Plaintiff refuses to withdraw complaint case to the proper state court. Therefore, the Defendant must ask this Court to dismiss

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

Plaintiff's ADA claims as moot. For the foregoing reasons, the present action should be DISMISSED for lack of jurisdiction and this Court should grant summary judgment in favor of the defendant and dismiss the Plaintiff's complaint.

Executed on June 10, 2025

James Howard Esq.
Law Offices of James Howard
288 W. Valley Blvd., #208
Alhambra, CA 91801
Counsel for Defendants

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, I served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via electronic filing with the Court's ECF system for notice to all counsel of record.

June 11, 2025

_____
James Howard

---

11

MOTION FOR SUMMARY JUDGMENT TO DISMISS COMPLAINT FOR MOOTNESS & LACK OF JURISDICTION